**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| KARSON ROBERT IRIZARRY | ) |
| Serve:  5925 Hattie Street | ) |
| Virginia Beach, VA 23457 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW State Farm Fire & Casualty Company ("State Farm"), by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.*, and for its Complaint for Declaratory Judgment states as follows:

**NATURE OF THE CASE**

1.      This is an action for declaratory judgment in which State Farm seeks a determination of its rights and obligations under a homeowners insurance policy, policy number 46-K9-5606-2, issued by it to Robert and Whitney Irizarry (hereinafter referred to as the "Policy").  A true and correct copy of the Policy is attached to this Complaint as **Exhibit 1**.

2.      An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

3.      Specifically, State Farm seeks a declaratory judgment that there is neither a duty to defend nor a duty to indemnify defendant Karson Robert Irizarry  ("Irizarry") arising out of a lawsuit filed against him by David Horning ("Horning") in the Circuit Court for the City of Virginia Beach on or about July 23, 2019 (*Horning v. VB's Raw Bar, Inc. et al.*; Case No. CL19-

4251-00, hereinafter referred to as the "Underlying Lawsuit"). A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 2** ("Complaint").

## PARTIES

4.     State Farm is an Illinois corporation with its principal place of business located in Bloomington, Illinois. State Farm is licensed to do business as an insurance company in the Commonwealth of Virginia.

5.     Irizarry is a Virginia resident and a defendant in the Underlying Lawsuit. He is the son of Robert and Whitney Irizarry.

6.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the plaintiff and each defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. Defendant Irizarry is a resident of Virginia.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### The Underlying Lawsuit

8.     The Underlying Lawsuit stems from an alleged incident that took place at VB's Raw Bar d/b/a Seaside Raw Bar ("Seaside") in Virginia Beach, Virginia on or about November 4, 2018, in which Horning was assaulted by a group of Seaside patrons, including Irizarry.

9.     In his Complaint, Horning alleges that he was ambushed by an unruly "mob" of Seaside customers that included Irizarry and Irizarry's two co-defendants in the Underlying Lawsuit (Horning also sued Seaside). Horning alleges that, while standing at the bar, he was assaulted by an unknown assailant who punched him on top of the head a few times before a

bartender separated the two.  At that point, the bouncer escorted Horning from the premises.  At such time as Horning was released at the edge of Seaside's premises, the "mob" began "**maliciously**, **intentionally** and . . . continually physically assault[ing]" Horning, who was punched and kicked in the face and head and "painfully and seriously injured."  (Ex. 2 ¶¶ 10-14, emphasis added.)

10.     Horning alleges he was "grievously and permanently inured" as a result of the mob's wrongful, malicious, and felonious assault.  (Ex. 2 ¶ 24.)  Horning seeks $350,000.00 in compensatory damages and $350,000.00 in punitive damages against each defendant in the Underlying Lawsuit.  (Ex. 2.)

11.     As a result of participating in the mob beating of Horning, Irizarry was charged with Malicious Wounding by Mob (a felony offense) and pled down to a lesser charge of Assault and Battery by Mob (a misdemeanor).

### The Policy

12.     State Farm issued the Policy, policy number 46-K9-5606-2, effective from June 15, 2018 to June 15, 2019, designating Robert and Whitney Irizarry as the "Named Insured."

13.     The Policy has a Personal Liability limit of $300,000.

14.     The Policy was issued to Robert and Whitney Irizarry in Virginia.

15.     The Policy provides the following liability coverage:

**SECTION II – LIABILITY COVERAGES**

**Coverage L – Personal Liability**

If a claim is made or a suit is brought against an **insured**[1] for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

---

[1] Terms in bold print are specifically defined in the Policy.

1.  pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2.  provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit that we decide is appropriate.  Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

16.   The Policy defines "insured" as "you and, if residents of your household, a. your relatives…"  The Policy defines "occurrence" as "an accident … which first results in … **bodily injury** … during the policy period ...."

17.   The Policy provides the following liability coverage exclusions:

**SECTION II – EXCLUSIONS**

1.  Coverage L and Coverage M do not apply to:

a.  **bodily injury** or **property damage** which is either expected or intended by the **insured**;

18.   There is an actual controversy between State Farm and the defendant as to whether the Policy provides Irizarry coverage for the Underlying Lawsuit.  State Farm has identified several reasons why the Policy does not provide coverage.  In the event coverage is found to exist, State Farm would be under a duty to defend Irizarry in the ongoing litigation of the Underlying Lawsuit.  A controversy therefore exists that is ripe for adjudication.

<u>**COUNT ONE**</u>

<u>**Irizarry's Actions were Intentional, Therefore Horning's Injuries Are Not the Result of an "Occurrence."**</u>

19.   State Farm hereby re-alleges the allegations contained in the above paragraphs.

20.   The Policy only provides coverage for "occurrences" as defined by the Policy.

21.   An "occurrence" is defined under the Policy as "an accident … which first results in … **bodily injury** … during the policy period …"

22.     Irizarry's participation in the assault on Horning was intentional and malicious, and therefore not an accident.

23.     Horning's damages resulting from Irizarry's participation in the assault are not the result of an "occurrence," and therefore not covered by the Policy.

24.     State Farm is entitled to a declaration that the Policy affords Irizarry no coverage and that State Farm has no duty to defend or indemnify Irizarry in the Underlying Lawsuit.

## COUNT TWO

### Horning's Injuries were the Natural, Probable and Expected Result of Irizarry's Conduct, and Are Therefore Not the Result of an "Occurrence."

25.     State Farm hereby re-alleges the allegations contained in the above paragraphs.

26.     The Policy only provides coverage for "occurrences" as defined by the Policy.

27.     An occurrence is defined under the Policy as "an accident … which first results in … **bodily injury** … during the policy period …."

28.     When Irizarry participated in the mob assault on Horning, the natural, probable and expected result was that the assault would cause bodily injury.

29.     Because it was natural, probable and expected that Horning would be injured in the assault, his resulting injuries are not an "accident."

30.     Therefore, Horning's damages are not the result of an "occurrence," as defined by the Policy.

31.     State Farm is entitled to a declaration that the Policy affords Irizarry no coverage and that State Farm has no duty to defend or indemnify Irizarry in the Underlying Lawsuit.

## COUNT THREE

### Horning's Injuries were Expected or Intended by Irizarry, and are therefore Excluded from Coverage Under the Policy.

32.     State Farm hereby re-alleges the allegations contained in the above paragraphs.

33.     The Policy specifically excludes coverage for any bodily injury or property damage that is "expected or intended by the insured."

34.     When Irizarry participated in the malicious and intentional assault on Horning, the natural, probable and expected result was that Horning would suffer bodily injury.

35.     Therefore, Horning's damages arising as a result of the mob assault fall within the policy exclusion for "expected or intended" injury.

36.     State Farm is entitled to a declaration that the Policy affords Irizarry no coverage and that State Farm has no duty to defend or indemnify Irizarry in the Underlying Lawsuit.

### Request for Relief

WHEREFORE, State Farm respectfully prays that this Court enter an Order declaring that State Farm owes Karson Robert Irizarry no duties or obligations under the Policy with respect to the Underlying Lawsuit, including any duty to defend or indemnify Karson Robert Irizarry for the claims alleged in the Complaint of the Underlying Lawsuit, and award such other and further relief as the Court deems appropriate.

Respectfully Submitted,

STATE FARM FIRE & CASUALTY COMPANY

By:  _____ */s/ Guy M. Harbert, III*
                     Counsel

Guy M. Harbert, III (VSB No. 22933)
Jeffrey P. Miller (VSB No. 89410)
GENTRY LOCKE
P.O. Box 40013
Roanoke, VA 24022-0013
Phone:  (540) 983-9300; Fax: (540) 983-9400
Email: harbert@gentrylocke.com
Email: miller@gentrylocke.com
*Counsel for State Farm Fire & Casualty Co.*

2012/732/9412799v1